**In re James E. GOODMAN, Debtor.**

**No. 7–95–02217–7.**

United States Bankruptcy Court,
W.D. Virginia,
Roanoke Division.

April 9, 1997.

DECISION AND ORDER

ROSS W. KRUMM, Chief Judge.

The trustee in the above-captioned Chapter 7 bankruptcy proceeding has filed an objection to the claim of homestead exemption of the debtor. The issue presented for decision is whether a homestead deed executed by counsel for the debtor and recorded pursuant to Code of Virginia, § 34–17 is sufficient to claim the exemption under Code of Virginia, § 34–4. For the reasons set forth in this decision and order, the trustee's objection to the claimed exemption will be sustained.

*Facts*

The parties have stipulated the facts in this case. The debtor's Chapter 13 proceeding was converted to a Chapter 7 proceeding on January 24, 1996. A section 341 meeting of creditors in the Chapter 7 proceeding was scheduled for February 15, 1996, in Roanoke, Virginia. Debtor's attorney prepared a homestead deed for the debtor's execution intending to comply with Code of Virginia, § 34–17; however, counsel for the debtor was not able to contact the debtor or to find the debtor prior to the section 341 meeting and the debtor did not appear at the section 341 meeting. Therefore, debtor's counsel was faced with the prospect that the debtor would not execute the homestead deed within five (5) days after the section 341 meeting (February 15, 1996), and would lose the benefit of the homestead exemption. As a result, debtor's counsel executed the homestead deed using her signature as counsel for the debtor and recorded it on February 20, 1996, at 3:08 p.m. in the Circuit Court of Franklin County.[1]

The debtor has affirmed and ratified the act of his attorney in executing and recording the homestead deed and has not attempted

---

1. The court has examined a copy of the homestead deed and notes that the notary for counsel's signature is dated February 21, 1996, one day after the recondition of the homestead deed.

to file any other homestead deed. Also, the parties stipulate that at all times relevant to these factual matters, counsel had been retained by the debtor as his duly authorized attorney.

### Positions of the Parties

The trustee's position is that the Code of Virginia and the Bankruptcy Code dictate that the debtor is the only person who can execute the homestead deed in order to claim it under Virginia law. The debtor, on the other hand, proceeds on the theory that the agency relationship between the attorney and the debtor enables counsel's execution and recondition of the homestead deed on behalf of the debtor. The debtor also points to the fact that he has ratified and affirmed his counsel's act of signing the homestead deed on his behalf and putting the same to record within the time provided by the Virginia Code for claiming a homestead exemption.

### Law and Discussion

■ 11 U.S.C. § 522(b)(1) authorizes "an individual debtor" to exempt from property of the estate property owned by him as of the date of the filing of his petition in bankruptcy. Relevant to the matter before the court for decision, section 522(b)(2)(A) specifies that property exempt under state law which is applicable as of the date of the filing of the petition can be exempted by the debtor.[2]

Given the statutory scheme set forth by Congress in section 522(b) and the action by the Virginia General Assembly in opting out of the Federal exemption provisions of section 522(d), the debtor must comply with Virginia law in order to properly claim a homestead exemption. Code of Virginia, § 34-4 creates the exemption:

> Every householder shall be entitled ... to hold exempt from creditor process arising out of a debt, real and personal property, or either *to be selected by the householder,* . . . .

Householder is defined in Code of Virginia, § 34.1 as "any resident of Virginia." In looking at the plain language of both the Bankruptcy Code in section 522(b) and in the Code of Virginia in sections 34–4 and 34–1, it is clear that the "individual debtor" (§ 522(b)) or "householder" (§ 34–4) has the privilege of "selecting" the property to be exempted.[3] Under section 34–6[4] and section 34–17[5], the debtor secures the benefit of the homestead by signing and recording a writing claiming the benefit.

■ The debtor does not dispute the statutory language in the Bankruptcy Code or Code of Virginia requiring the individual debtor to claim and to secure the homestead exemption. Instead, the debtor relies on the agency relationship which is established between an attorney and his client at the inception of an engagement. In particular, the debtor argues that an attorney is an agent of his client and has the authority to take all lawful steps for the protection of his client's interest. *See, Michie's Jurisprudence,* Vol. 2A, *Attorney and Client,* section 19, pages 590–591. However, as set forth in *Michie's, supra,* at section 17, "if seasonably raised and properly brought in question, an attorney may always be called upon to produce satisfactory evidence of this authority, and upon his failure to produce such authority,

2. Virginia has opted out of the Federal exemption provisions of section 522(d). *See,* Code of Virginia § 34–3.1.

3. *See, Linkenhoker v. Detrick,* 81 Va. 44, 53 (1885) quoting *In re Solomon* (2 Hughes R., 164): "The constitution grants the exemption as a *privilege* to the householder. It declares that he shall be *entitled* to hold property to be *selected* by him."

4. Code of Virginia § 34–6 states: "In order to secure the benefit of the exemptions of real estate under § 34–4 and 34–4.1, the *householder,* by a writing *signed by him* and duly admitted to rec-

ord, ... shall declare *his intention to claim such benefit* and set apart the real estate to be held by the householder as exempt." (emphasis added). (§ 34–13 allows the exemption of personalty by the "householder" selecting and setting apart his personal estate).

5. Code of Virginia § 34–17 states in relevant part: "To claim an exemption in bankruptcy, a householder shall set such real or personal property apart on or before the fifth day after the date initially set for the meeting held pursuant to 11 U.S.C. § 341, but not thereafter."

the suit or proceeding instituted by such attorney should be dismissed." *Id.* at 589.

 In the case at bar, the trustee in bankruptcy has seasonably raised and properly brought into question the validity of the homestead deed which contained only the signature of debtor's attorney on behalf of the debtor. The debtor has come forward with no evidence to show evidence of his counsel's authority to execute on his behalf the homestead deed and put it to record. In fact, it is clear from the stipulation filed by the parties that debtor's counsel signed and filed the homestead deed out of a sense of necessity only and not pursuant to any specific or blanket authority conferred upon the attorney at the time of the creation of the agency relationship. Having failed to meet the threshold challenge of the trustee to the attorney's agency authority, the debtor cannot prevail on an agency theory. In addition, because there is no adequate proof of authority for the agent to sign the homestead on behalf of the debtor, the fact that the debtor subsequently ratified and confirmed the act of his attorney is not relevant.

### Conclusion

For the foregoing reasons, it is

ORDERED:

That the trustee's objection to the claim of exemption by James E. Goodman, the debtor, be, and it hereby is **SUSTAINED.** The homestead deed of record in the Circuit Court of Franklin County does not meet the requirements of section 34-4 of the Code of Virginia and the debtor has failed to perfect a claim of homestead pursuant to section 34-17. Accordingly, the property which the debtor attempted to claim as exempt under Virginia law in his homestead deed recorded in Deed Book 0578, page 0042, in the Clerk's Office of the Circuit Court of Franklin County is **VOID** and of no effect as against the trustee in bankruptcy. All of the property set forth in said homestead deed became property of the estate as of the date of the filing of the petition for relief under 11 U.S. § 541(a) of the Bankruptcy Code and remains property of the estate for administration by the Chapter 7 trustee for the benefit of creditors.

Copies of this decision and order are directed to be mailed to Roy V. Creasy, Esquire, Chapter 7 Trustee, Suite 915, 213 S. Jefferson Street, Roanoke, Virginia, 24011; and to Charles R. Allen, Esquire, counsel to the debtor, 120 Church Avenue, S.W., Roanoke, Virginia, 24011.